IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 24-10117-JWB-1

ANGEL JOHN MARTIN,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's pro se motion to compel his counsel to surrender Defendant's entire case file. (Doc. 159.) The motion is DENIED WITHOUT PREJUDICE for the reasons stated herein.

**I. Facts**

On May 28, 2025, Defendant pled guilty to two violations of 18 U.S.C. § 2251(a) and (e), Production of Child Pornography and Conspiracy to Commit Sexual Exploitation of a Child – Production of Child Pornography. (Doc. 62 at 1.) On September 4, 2025, the court sentenced him to 360 months imprisonment for each count and ran the sentences consecutively for a total of 720 months. (Doc. 85 at 2.) After a restitution hearing, the court entered an amended judgment on December 3, 2025. (Doc. 105.) Defendant did not file an appeal. On August 14, 2026, the court denied Defendant's motions for an extension of time to file a motion under 28 U.S.C. § 2255 because the one-year statute of limitations period had not yet expired. (Doc. 158.)

Defendant now moves to compel his trial counsel, Mr. David Freund, to surrender his entire case file as it pertains to Defendant's criminal case. (Doc. 159.) Defendant asserts he made "attempts by written request" to obtain the records from Mr. Freund but his attorney has denied

portions of the case file. (Doc. 159 at 2.) Defendant's motion asserts that the portions of the case file his attorney has denied include:

> (1) Transcripts he reviewed for appeal advice.[1]
> (2) All discovery available by Standing Court Order.
> (3) All Court filings, motions, responses, and orders.
> (4) All other notes, letters, correspondence, plea agreements, emails, and/or any other tangible thing associated with this case.
>
> (Doc. 159 at 1).

Defendant's motion contends the entire case file is necessary to prepare a timely motion to vacate, set aside, or correct his sentence under 28 U.S.C § 2255. (Doc. 159 at 2; *see* Docs. 156, 157.)

## II. Standard

Noting an absence of authority for a court to compel production of an entire criminal case file in this context, this court has construed a defendant's pro se motion to compel production of his attorney's case file as one requesting the materials directly from the court. *United States v. Suarez*, No. 03-20085-01-JWL, 2007 WL 2323362, at *1 (D. Kan. Aug. 9, 2007) (identifying no authority to compel an attorney to provide the defendant with his entire case file, and thus liberally construing defendant's motion as one requesting the case file directly from the court) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)); *United States v. McIntyre*, No. 06-20047-3-CM, 2011 WL 3890318, at *1 (D. Kan. Sept. 2, 2011). Even if there are transcripts in the record, a defendant does not have a constitutional right to a free transcript. *Negron v. Adams*, 229 F.3d 1164, 2000 WL 1152554, at *3 (10th Cir. Aug. 15, 2000). However, under 28 U.S.C § 753(f), the United States will pay the transcript fees for a defendant who is permitted to proceed in forma pauperis ("IFP") in pursuit of a § 2255 petition so long as the trial judge certifies that (1) the suit

---

[1] It is not entirely clear to whom the word "he" refers in this context. It might mean Defendant, and it might mean his counsel. The court will assume this refers to Defendant's counsel for purposes of this order. In any event, this confusion has no impact on the court's decision at this point, but is merely noted for future reference.

is nonfrivolous, and (2) the transcript is necessary to decide an issue in the suit. *See* 28 U.S.C. § 753(f); *Brown v. New Mexico Dist. Ct. Clerks*, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998); *see also Suarez*, 2007 WL 2323362, at *1. Additionally, although § 753(f) only references trial transcripts, the Tenth Circuit has applied the standard to requests for other free court filings. *See United States v. Lewis*, 37 F.3d 1510, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994); *see also Suarez*, 2007 WL 2323362, at *1 (concluding that the defendant needed to demonstrate a nonfrivolous claim to receive a free copy of his plea agreement, transcripts, and presentence report); *McIntyre*, 2011 WL 3890318, at *2 (holding that to obtain discovery records and copies of transcripts, the defendant must first file a § 2255 motion and indicate with particularity how the materials will support his motion).

## III. Analysis

The court will address Defendant's motion to compel his entire case file in two parts. First, it will address Defendant's request regarding case file records that are public court records. Next, it will address Defendant's request regarding case file records that are non-public court records.

### A. Public Court Records

In his motion, Defendant states that "Transcripts [counsel] reviewed for appeal advice,"[2] "All discovery available by Standing Court Order," and "All Court filings, motions, responses, and orders" are necessary to prepare a timely § 2255 filing. (Doc. 159 at 1–2.) Defendant indicates the filing will assert ineffective assistance of counsel "during all crucial points of proceedings." (Doc. 159 at 2.) Defendant does not satisfy the standard under § 753(f) because he does not provide factual allegations to support his assertion of ineffective assistance of counsel. *United States v. Cline*, Civil No. 04-3400-SAC, Crim. No. 00-40024-03-SAC, 2007 WL 2071762, at *2–3 (D. Kan.

[2] It is not clear which "[t]ranscripts" Defendant refers to in the motion. Upon reviewing Defendant's record, the court could not identify any transcripts ordered in Defendant's case.

July 18, 2007) (citing *United States v. MacCollom*, 426 U.S. 317, 326–27 (1976) ("A naked assertion of ineffective assistance of counsel without supporting factual allegations will not satisfy the requirements of § 753(f)")). "Because there is no present pending § 2255 motion, and defendant's request does not specifically indicate how the records and transcripts will aid him in the filing of a § 2255 motion, this court denies his request at this time." *United States v. Brooks*, No. 05-20121-CM, 2010 WL 2132489, at *1 (D. Kan. May 27, 2010).[3]

**B. Non-Public Court Records**

Defendant's motion also asserts he is entitled to "All other notes, letters, correspondence, plea agreements, emails, and/or any other tangible thing associated with this case" because these documents are his property and "were created while counsel represented Defendant." (Doc. 159 at 1, 4.) Defendant cites American Bar Association Standards to support his argument that defense counsel must cooperate with his client's attempt to seek post-conviction relief. (Doc. 159 at 3.) However, these standards are "aspirational… 'best practices,'" not a constitutional mandate. Crim. Just. Standards for the Def. Function, 4-1.1(b) (A.B.A. 4th ed. 2017). Further, there "is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Defendant also cites *United States v. Dorman*, 58 M.J. 295, 298 (C.A.A.F. 2003); *Hiatt v. Clark*, 194 S.W.3d 324, 330 (Ky. 2006); *Maxwell v. Florida*, 479 U.S. 972 (1986); and *Spivey v. Zant*, 683 F.2d 881, 885 (5th Cir. 1982) to support his argument that a defense counsel has a duty to surrender his entire case file. The court has reviewed these cases and is not persuaded.

---

[3] Like any member of the public, Defendant may obtain public court records from the Clerk of Court at his own expense. D. Kan. Rule 79.1; D. Kan. Rule 5.4.1(c); *United States. v. Shaw*, No. 12-20044-JWL, 2020 WL 1233751, at *3 (D. Kan. Mar. 13, 2020).

In *Dorman*, the defendant initiated a direct appeal of a military court-martial after his trial counsel refused to provide his case file to his appellate counsel. 58 M.J. 295, 298 (C.A.A.F. 2003). Citing principles of military justice and various state bar rules, the court concluded that upon request, a trial counsel must provide the defendant's appellate counsel with the client's case file after receiving the client's written release. *Id.* *Dorman* is distinct from Defendant's case as there is no pending appeal or other matter before the court. Further, the request for the records in that case was made by the defendant's counsel.

*Hiatt* involved a trial counsel's retention of documents from a client pursuant to the work product doctrine when the client was seeking post-conviction relief. 194 S.W.3d 324, 328-29 (Ky. 2006). There, in granting the client mandamus relief, the court narrowly held that "the facts of this case provide a specific scenario in which work product, properly characterized as such, may be requested and obtained by a former criminal client where that criminal defendant now seeks post-conviction relief alleging ineffective assistance of counsel and therefore needs his file." *Id.* at 330. Again, this case is not persuasive as Defendant has not sought post-conviction relief.

In *Maxwell,* the United States Supreme Court denied a petitioner's *writ of certiorari* in which he sought access to his trial attorney's case file to support his claim of ineffective assistance of counsel in a state habeas hearing. 479 U.S. at 475 (Marshall, J., dissenting). Defendant cites Justice Marshall's dissent, which argued that the lower courts' denial of petitioner's records violated his Sixth Amendment rights. *Id.* at 477–78. Even if the court were able to follow Justice Marshall's dissent, *Maxwell* is distinguishable. In *Maxwell*, the petitioner had a pending state habeas action, and a hearing was held on the matter. *Id.* at 475. Conversely, here Defendant has not filed a habeas action and there are no other pending matters before the court.

Lastly, in *Spivey*, the Fifth Circuit held that a habeas petitioner's trial attorney was not permitted to conceal case files in response to a subpoena duces tecum. 683 F.2d 881, 886 (5th Cir. 1982). There, the attorney's files contained records on the duration of his representation of the defendant, a material factual issue before the court. *See id.* at 883, 885–86. Here, Defendant does not have a pending habeas petition and there are no other material factual issues before the court.

In sum, Defendant has failed to establish that the court must compel counsel to turn over records in this matter or that the court is obliged to provide such records free of cost.

**IV. Conclusion**

Based on the foregoing, Defendant's motion to compel production of his attorney's case file is DENIED WITHOUT PREJUDICE. Defendant may contact the Clerk of Court for more information on obtaining court records.

IT IS SO ORDERED. Dated this 16th day of September, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE